## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED HUSSAIN,** | |
| **Plaintiff,** | |
| v. | **Civil Action No. 11-570 (JDB)** |
| **KATHLEEN LEWIS, et al.,** | |
| **Defendants.** | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Dr. Mohammed Hussain brings this action against defendants Kathleen Lewis

and the District of Columbia Bar ("D.C. Bar defendants") and defendant Dawn Martin, his

former attorney, asserting violations of the Due Process Clause of the Fifth Amendment of the

United States Constitution. Plaintiff ultimately seeks to compel the District of Columbia Bar

Attorney-Client Arbitration Board ("ACAB") to open his arbitration case involving defendant

Martin. Before the Court are motions to dismiss from both the D.C. Bar defendants and

defendant Martin. The D.C. Bar defendants have also moved to stay the case. For the reasons

explained below, the Court will stay this case, and deny the motions to dismiss without prejudice.

I. Background

This case arises from a fee dispute between plaintiff and defendant Martin. After

maintaining a working relationship for several years, plaintiff and defendant Martin had a

disagreement regarding defendant Martin's fee. Compl. ¶ 11–12. This disagreement led to two

separate actions regarding the amount of fees owed. On December 23, 2010 plaintiff filed an

arbitration petition with the ACAB. Id. ¶ 13. On January 3, 2011, defendant Martin separately

1

filed suit in Maryland state court regarding the same fee dispute, among other claims. Id. ¶ 14.

When plaintiff's new attorney apprised the ACAB of the lawsuit pending in Maryland, the ACAB informed plaintiff that its policy was to suspend arbitration proceedings while there is a pending lawsuit on the same issue; accordingly, the arbitration proceeding would not be opened until the Maryland lawsuit was either dismissed or stayed. Compl. ¶¶ 18–20. Plaintiff then filed this action seeking to compel arbitration of his claims, as well as compensatory and punitive damages related to an alleged conspiracy to deprive him of the same. The D.C. Bar defendants have filed a motion to dismiss the case or stay the action pending arbitration. D.C. Bar Defs.' Am. Mot. Dismiss or Stay Pending Arbit. [Docket Entry 14]. Defendant Martin has filed a motion to dismiss or for summary judgment. Def. Dawn V. Martin's Mot. Dismiss, or Alt., for Summ. J. [Docket Entry 10].

II. Analysis

Plaintiff asks the Court to compel arbitration as a property right guaranteed under the Due Process Clause of the United States Constitution. See Pl.'s Opp'n to Def. Martin's Mot. to Dismiss at 3. But given the pending actions in other fora, this Court is unable to say whether plaintiff has actually been denied arbitration, the injury he alleges. He may well get to arbitrate the fee issue, depending on what transpires in the Maryland court and then with the ACAB. But at this point the most efficient approach is to stay this case in favor of the other two proceedings involving the fee dispute between Hussain and Martin. For this reason, the Court will stay this action until Dr. Hussain's arbitration petition is either denied or granted by the ACAB.

"A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." Hisler v. Gallaudet Univ., 344 F. Supp. 2d 29,

35 (D.D.C. 2004) (citing Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). "The power to

stay proceedings is incidental to the power inherent in every court to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879 n.6 (1998) (quoting Landis, 299 U.S. at

254-55). "Indeed, '[a] trial court may, with propriety, find it is efficient for its own docket and

the fairest course for the parties to enter a stay of an action before it, pending resolution of

independent proceedings which bear upon the case.'" Hisler, 344 F. Supp. 2d at 35 (quoting

Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)) (alteration

in original); see also Barcardi & Co. Ltd. v. Empresa Cubana Exportadora De Alimentos &

Productos Various, Inc., No. 04-519, 2007 WL 1541386 at *1 (D.D.C. May 24, 2007).

  Defendant Martin claims that the issues surrounding arbitration have already been

resolved in the Maryland Circuit Court. See generally Def. Martin's Notice of Decision in

Related Maryland Case [Docket Entry 27]. However, the litigation regarding that case is

ongoing. Appeals are pending on several motions. See id. at 3 n.3. In addition, plaintiff's petition

for arbitration remains before the ACAB pending the outcome of the Maryland case. The ACAB

states that it would be free to evaluate plaintiff's arbitration petition at the resolution of the fee

dispute issues in the Maryland case and can determine at that juncture whether arbitration of any

matter in Hussain's petition remains appropriate. See D.C. Bar Defs.' Mem. P. & A. in Reply to

Opp'ns. to Am. Mot. to Dismiss at 4–6 [Docket Entry 24]. It is only at that time, when all

pending matters have been resolved, that this Court can consider whether plaintiff has been

improperly denied arbitration.

  This Court finds no need to refer this issue to arbitration at this time, as the D.C. Bar

defendants have already conceded that they will review plaintiff's arbitration petition at the opportune time. See D.C. Bar Defs.' Am. Mot. Dismiss or Stay Pending Arbit. at 21–22 ("ACAB has now preliminarily decided that Dr. Hussain has stated a prima facie claim for arbitral jurisdiction, although a final determination of arbitrability must await . . . consideration . . . based on the full record."). Therefore, it is appropriate to stay this case until other proceedings regarding the fee dispute and its arbitrability have been resolved. See Roe v. Gray, 165 F. Supp. 2d 1164, 1173 (D. Colo. 2001) (choosing to stay litigation without compelling arbitration while another court was deciding the arbitrability of the dispute); Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964) (finding that a stay may be appropriate when there is a pending arbitration which involves claims at issue in the case); cf. 9 U.S.C. § 3 (noting that under the Federal Arbitration Act ("FAA"), a court should stay a proceeding when it is referable to arbitration); Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc., 269 F. Supp. 2d 356, 364 (S.D.N.Y. 2003) (staying litigation pursuant to the FAA while litigants pursued arbitration in another jurisdiction). This Court will stay this matter until such time that the ACAB has had the opportunity to either arbitrate plaintiff's claims or decide that arbitration is not proper.

III. Conclusion

Accordingly, it is hereby **ORDERED** that this action is **STAYED** pending the outcome of Dr. Hussain's arbitration petition before the District of Columbia Bar Attorney-Client Arbitration Board; and it is further

**ORDERED** that Defendant Lewis's and the D.C. Bar's Motion to Dismiss or to Stay Pending Arbitration [Docket Entry 8] is **DENIED** without prejudice; and it is further

**ORDERED** that  Defendant Dawn V. Martin's Motion to Dismiss, or in the Alternative, for Summary Judgment [Docket Entry 10] is **DENIED** without prejudice; and it is further

**ORDERED** that Defendant Lewis's and the D.C. Bar's Amended Motion to Dismiss or to Stay Pending Arbitration [Docket Entry 14] is **DENIED** without prejudice.

**SO ORDERED**.


_____/s/_____
JOHN D. BATES
United States District Judge


Dated: March 23, 2012