## U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

                    )
MOHAMMED HUSSAIN     )
        Plaintiff,       )        Case No. 1:11-cv-00570
                    )         JDB
      v.               )
                    )
KATHLEEN LEWIS, ESQUIRE   )
DISTRICT OF COLUMIA BAR   )
        and         )
DAWN V. MARTIN, ESQUIRE   )
        Defendants.   )
_____)

### DEFENDANT DAWN V. MARTIN'S STATUS REPORT

This Court stayed these proceedings until the resolution of the related case of *Martin v. Hussain*, CAL 11-00010, in the Maryland Circuit Court for Prince George's County.   *Martin v. Hussain* was resolved in favor of Dawn V. Martin d/b/a *The Law Offices of Dawn V. Martin*, with a Jury Verdict and Judgment, issued on August 7, 2014.  This Court denied, without prejudice, the *Motion to Dismiss, filed by Defendant Kathleen Lewis and the D.C. Bar* and *Dawn V. Martin's Motion to Dismiss, or, in the Alternative, for Summary Judgment*.  Rather than require all parties to resubmit the extensive *Motions to Dismiss and/or for Summary Judgment* and responses, Defendant Martin respectively requests that: 1) the stay on these proceedings be lifted; and 2) the Defendants' dispositive motions be renewed and decided on their merits.

The Maryland Jury awarded Ms. Martin $10,127.00 in legal fees, plus 18% cumulative interest for four years, plus $15,800 for court time and preparation.  (**Ex. A**)  The Prince Georges County Circuit issued a Judgment of $26,127, plus 18% cumulative interest for four years, plus costs.  (**Ex. B**)  Based on a cumulative interest calculator (**Ex. C**), this brings the judgment up to

$53,389.96, plus costs**.**   The trial was held over for days, from August 4th through August 7th, 2014.  (**Ex. D**, Docket in *Martin v. Hussain*)

In May of 2014, with Ms. Martin's *Motion for Summary Judgment* pending and a trial date of August 4th set, in the Maryland case, Dr. Hussain's counsel, Tyler King, filed yet another case against Ms. Martin, in the Circuit Court for Prince George's County, *Martin v. Hussain* CAL 14-10797, *Petition to Compel Arbitration* (**Ex. E**)  In that case, Dr. Hussain asked the Maryland Court for the same relief that he requested in this Court, and which was pending at the time -- to force Ms. Martin to arbitrate the non-payment case that she was litigating as CAL 11-00010.  The Maryland Court dismissed Dr. Hussain's case against Ms. Martin, holding, as Ms. Martin argued, that the lawsuit was barred by *res judicata* and collateral estoppel.  (**Ex. F**)  In the case of *Martin v. Hussain*, CAL 11-00010, four times, by *three different judges* in the Maryland Circuit Court -- Judges Northrop, El-Amin and Alves (**Ex. D**, Dkt. #s 27, 33, 70 and on August 4, 2014, in open court) -- all independently held that Dr. Hussain was *not* entitled to compel Ms. Martin to arbitrate this non-payment case.  On September 12, 2013, the Maryland Court of Special Appeals also denied Dr. Hussain's interlocutory appeal on the issue of compelling arbitration, so that the case could be litigated on its merits in the trial court.  This is the same issue that is currently before this Court.  Not only has this issue been addressed by four judges in Maryland trial court and the Maryland Court of Appeals, but the entire issue of forcing arbitration is now moot, since the case has been tried on its merits.

Dr. Hussain had every opportunity to file a counter-claim in *Martin v. Hussain*, CAL 11-00010.  Although the case dragged on for four years, Dr. Hussain never did file a counterclaim.  In fact, to the extent that he even raised any of the defenses that he raised in this litigation or his Request for Arbitration to the D.C. Bar, Dr. Hussain never raised any of those claims at trial in

CAL 11-0010.  Although Dr. Hussain alleged various acts of fraud, "bullying" and other misconduct by Ms. Martin, in this litigation as well as in court filings in Maryland, Dr. Hussain never testified that he did not agree to the hourly rate charged by Ms. Martin, or that he should not pay for the paralegal services of Miguel Gallardo; nor did Dr. Hussain present any evidence of "double billing" or an expert witness who might have the background to analyze the bills. Instead, Dr. Hussain's only defense to his non-payment was his *new* claim -- *raised for the first time during the trial* -- that he never authorized Ms. Martin to perform work for him after June 30th, 2014; however, Dr. Hussian's testimony was quickly and easily proven false by e-mail correspondence between Ms. Martin and Dr. Hussain in which she expressly asked for authorization to file a particular motion and set out benefits and disadvantages of certain filings or lack thereof, to which Dr. Hussain responded by telling Ms. Martin to file the motion and not to "waste time," then thanked her for filing it after she did so.  Additional e-mails between Ms. Martin and Dr. Hussain show that Dr. Hussain continued to ask for her legal advice thereafter, including his request that she "undo" the Settlement Agreement that he had signed without her and concealed from her.  Dr. Hussain wanted a "better deal" than the one he had signed, at the instruction of another attorney, Anupa Mukhopadhyah, even though Ms. Martin was Dr. Hussain's only counsel of record in this Federal case.

Dawn V. Martin, Esquire, also urges that her pending request for sanctions against Dr. Hussain and his counsel be granted, for the reasons stated by and the D.C. Bar and Ms. Lewis in their pending Motions to Dismiss.  Ms. Martin's own Motion to Dismiss, in particularly, states that Ms. Martin was only added as Defendant as a "necessary" party to the action against the Bar because of the alleged "conspiracy" between Ms. Lewis and herself, which was completely fictitious.  Dr. Hussain's counsel added this allegation for no other purpose than to justify adding

Ms. Martin as a party to this federal litigation, for vexatious and harassing purposes, in an attempt to destroy her small, solo practice and to cause her personal hardship.

### CONCLUSION

The stay should be lifted from this case, Defendants' respective *Motions to Dismiss and/or for Summary Judgment* should be decided on their merits and sanctions imposed against Dr. Hussain and his counsel, Tyler King, Esquire, for filing and maintaining this entirely frivolous lawsuit.

Respectfully submitted,

_____/s/_____
Dawn V. Martin, Esquire
The Law Offices of Dawn V. Martin
1725 I Street., N.W., Suite 300
Washington, D.C. 20006
(202) 408-7040/(703) 440-1417
(703) 440-1415
(703) 440-1415 facsimile
DVMARTINLAW@yahoo.com
www.dvmartinlaw.com
*Pro se*

## EXHIBIT LIST

**Ex. A:** 8/7/14 Jury Awarded, against Dr. Hussain, to Ms. Martin in *Martin v. Hussain,* CAL 11-110010, of $10,127.00 in legal fees, plus 18% cumulative interest for four years, plus $15,800 for court time and preparation.

**Ex. B**: 8/7/14 Judgment in *Martin v. Hussain,* CAL 11-110010, of $26,127, plus 18% cumulative interest for four years, plus costs.

**Ex. C:** cumulative interest calculation of Judgment principal plus interest, bringing the judgment up to $53,389.96, plus costs**.**

**Ex. D:** Docket in *Martin v. Hussain,* CAL 11-110010

**Ex. E:** Docket in *Hussain v. Martin*, CAL 14-10797, *Petition to Compel Arbitration*

**Ex. F:** 8/13/14 Maryland Court Order dismissing *Hussain v. Martin*, CAL 14-10797, which was Hussain's *Petition to Compel Arbitration*, as barred by *res judicata* and collateral estoppel

CERTIFICATE OF SERVICE

   This is to certify that on this 15th day of August, 2014, a true copy of the foregoing

*Defendant Dawn V. Martin's Status Report* was served upon the following persons, through the

Court's electronic filing system.

Tyler Jay King, Esquire
1420 N St., N.W. Suite 706
Washington, D.C. 20005
(202) 426-2641
*Counsel for Defendant, Dr. Mohammed Hussain*

Paul Hemmersbaugh, Esquire
Sidley Austin LLP
1501 K St NW #600
Washington, DC 20005
(202) 736-8538
phemmersbaugh@sidley.com
*Counsel for Kathleen Lewis and*
*the District of Columbia Bar*


     Respectfully submitted,


     _____/s/_____
     Dawn V. Martin, Esquire
     *Law Offices of Dawn V. Martin*
     1725 I Street, N.W., Suite 300
     Washington, D.C. 20006
     (202) 408-7040/(703) 642-207 telephone
     (703) 642-0208 *facsimile*
     DVMARTINLAW@yahoo.com