UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED HUSSAIN,

    Plaintiff,

    v.

KATHLEEN LEWIS, et al.,

    Defendants.

Civil Action No. 11-570 (JDB)

**MEMORANDUM OPINION**

After getting into a fee dispute with his former lawyer, Mohammed Hussain filed a petition with the Attorney-Client Arbitration Board (ACAB) of the District of Columbia Bar, asking it to resolve the dispute through arbitration. But when ACAB learned that Hussain's former lawyer had filed a lawsuit regarding the fee dispute in Maryland state court, it refused to proceed with the arbitration. In Hussain's view, ACAB's refusal to conduct the arbitration amounted to a deprivation of property without due process, so he filed this lawsuit under 42 U.S.C. § 1983 against ACAB's manager, the Bar, and his former lawyer. The Bar and ACAB's manager, however, have absolute quasi-judicial immunity with respect to their conduct. Hussain is simply mistaken, moreover, in thinking that he had any property right to arbitration of the dispute, and in the absence of any property right, his claims against all three defendants crumble. The Court will therefore dismiss his case.

**BACKGROUND**

As alleged in Hussain's complaint, the key facts are these. In 2004 Hussain retained lawyer Dawn Martin to represent him in connection with certain employment discrimination claims. Compl. [ECF No. 1] ¶ 11. In 2010 Hussain and Martin began to dispute the amount of fees Martin

1

was owed. Id. ¶ 12. On December 23, 2010, Hussain filed an arbitration petition with ACAB, an arbitration body operated by the District of Columbia Bar, which is itself "an official arm" of the District of Columbia Court of Appeals (and thus a government actor). Id. ¶¶ 3, 6, 10, 13. On January 3, 2011, Martin filed a lawsuit against Hussain in Maryland state court about the fee dispute. Id. ¶ 14. Two days later, Hussain's new lawyer spoke to an ACAB representative, who informed him that in light of the Maryland action, ACAB would not proceed with Hussain's case; ACAB's policy, she said, was not to arbitrate until a pending lawsuit about a fee dispute in another jurisdiction was either dismissed or stayed. Id. ¶¶ 17–19. ACAB Manager Kathleen Lewis confirmed in early February 2011 that ACAB would not proceed with arbitration unless the Maryland action was dismissed or stayed. Id. ¶ 20.

In March 2011 Hussain filed this lawsuit against the District of Columbia Bar, Lewis, and Martin. His complaint contains two counts. The first contends that by refusing to proceed with the arbitration process, Lewis and the Bar (collectively, the Bar) deprived him without due process of a property right protected by the Fifth Amendment, and hence are liable under 42 U.S.C. § 1983. Id. ¶¶ 23–33. And the second contends that Martin engaged in a conspiracy with the Bar to effect this unlawful deprivation, in furtherance of which Martin continued to pursue the Maryland litigation. Id. ¶¶ 34–38. Hussain's complaint seeks declaratory and injunctive relief, $200,000 in damages from each defendant, and attorney's fees. Id. at 10–11 ("Relief").

In March 2012 the Court granted a motion by the Bar to stay this case "until such time that the ACAB has had the opportunity to either arbitrate plaintiff's claims or decide that arbitration is not proper." *Hussain v. Lewis*, 848 F. Supp. 2d 1, 3 (D.D.C. 2012). ACAB awaited the resolution of the Maryland lawsuit, which was neither stayed nor dismissed, but instead went to trial. In August 2014 the Maryland jury concluded that Hussain had breached his contract with Martin and

owed her roughly $26,000, plus interest. Hussain did not appeal that judgment, which became final in November 2014. Hussain then renewed his request that ACAB arbitrate the dispute.

On June 4, 2015, a panel of ACAB arbitrators issued a decision dismissing Hussain's petition. The panel concluded that "the dispute does not meet the requirements of ACAB Rule 3(d) and is further barred by ACAB Rule 4(b)." Ex. A to Joint Status Report of June 8, 2015 [ECF No. 64-1]. ACAB Rule 3(d) provides that, to be eligible for ACAB arbitration, "[t]he dispute must 'arise' in the District of Columbia." And ACAB Rule 4(b) provides that ACAB will not arbitrate fee disputes that "have previously been determined by a court order, rule or decision." While the ACAB arbitrators did not explain their reasoning, presumably they accepted Martin's longstanding view that the dispute arose in Maryland (Hussain's state of residency) and also concluded that the Maryland judgment had already resolved the dispute.

Now that both the Maryland litigation and the ACAB process are complete, the Bar and Martin have renewed and supplemented their motions seeking dismissal or summary judgment.

## **DISCUSSION**

The Bar has offered a host of reasons to dismiss Hussain's case pursuant to Federal Rule of Civil Procedure 12(b)(6), many of which seem sound. For the sake of efficiency, however, the Court will rely on only two of those grounds, which together dispose of both of Hussain's claims with respect to all defendants. First, the Bar has absolute immunity as to its conduct in question. And second, Hussain has failed to state claims upon which relief can be granted because he had no property right to arbitration before ACAB. (Because the Bar's arguments provide sufficient reason to dismiss this case in its entirety, the Court need not examine Martin's separate arguments.)

### A. The Bar Has Absolute Immunity

"Courts have extended absolute immunity to a wide range of persons playing a role in the judicial process." Wagshal v. Foster, 28 F.3d 1249, 1252 (D.C. Cir. 1994). In Wagshal, the D.C. Circuit held that "absolute quasi-judicial immunity extends to mediators and case evaluators in the [D.C.] Superior Court's ADR process" for actions "taken within the scope of [their] official duties." Id. at 154. The Bar presents a clear and well-developed argument that Wagshal's logic extends to ACAB, and that the Bar is therefore entitled to absolute quasi-judicial immunity with respect to ACAB's handling of Hussain's arbitration petition. Lewis & D.C. Bar's Am. Mot. to Dismiss [ECF No. 14] at 28–31.

Hussain's opposition responds with little more than a footnote and engages with none of the precedent the Bar cites. Pl.'s Opp'n [ECF No. 21] at 5 & n.1. Hussain offers a single reason that the Bar lacks quasi-judicial immunity: because immunity is available only for quasi-judicial "action," and ACAB's "decision not to do anything" with his arbitration request does not constitute "action." Id. This is nonsense. A court's decision to hold a case in abeyance is obviously judicial "action." ACAB's decision not to proceed with Hussain's matter in light of the Maryland litigation was likewise quasi-judicial "action."

Because Hussain has raised no other argument in response to the Bar's claim of absolute immunity, the Court holds that the Bar (i.e., both the Bar itself and Lewis) is entitled to immunity. This immunity does not shield the Bar from injunctive relief, Pulliam v. Allen, 466 U.S. 522, 541–42 (1984), nor does it help Martin, a purely private actor, but as the Court will now explain, Hussain's claims fail for another, independent reason.

### B. Hussain Had No Property Right to ACAB Arbitration

The Fifth Amendment guarantees that no person shall "be deprived of life, liberty, or property, without due process of law." The "property" protected by the Due Process Clause does not encompass "everything that might be described as a 'benefit': To have a property interest in a benefit, a person clearly must have more than an abstract need or desire and more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Town of Castle Rock v. Gonzales, 545 U.S. 748, 756 (2005) (internal quotation marks omitted). "The hallmark of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982).

Hussain never had an entitlement to ACAB arbitration of this fee dispute. Even if the Court assumes that Hussain had some kind of entitlement to the ACAB process, the scope of that property right would be defined by the ACAB Rules. See Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972) (the "dimensions" of property interests "are defined by existing rules or understandings that stem from an independent source such as state law"). ACAB Rule 4 provides that "ACAB has the discretion to decide not to arbitrate a dispute over legal fees if such arbitration would interfere with proceedings before other dispute-resolving bodies." ACAB's decision not to proceed with Hussain's arbitration request was a straightforward application of this rule: because Martin filed a lawsuit regarding the fee dispute in Maryland state court, ACAB exercised its discretion not to arbitrate. Hence, the Bar (through ACAB) did not deprive Hussain of anything guaranteed by his supposed property right.

Hussain of course thinks otherwise. He thinks that because he filed his petition with ACAB before Martin filed her lawsuit, Rule 4 is inapplicable. Pl.'s Opp'n at 10. But Hussain is wrong. True, one of the example scenarios in Rule 4 involves a client seeking ACAB arbitration after a

lawsuit has been filed, but this example does not establish an ironclad rule of priority. Nothing in Rule 4 limits ACAB's discretion not to arbitrate to situations in which a related lawsuit is filed first. ACAB thus acted in conformity with its Rules, and Hussain was not deprived of anything to which he was supposedly entitled.

And there is yet another reason Hussain's due process claims fail. When ACAB finally processed Hussain's arbitration request in 2015, the panel concluded that the dispute did not come within ACAB's arbitral jurisdiction because, in contravention of ACAB Rule 3(d), it did not "'arise' in the District of Columbia." In other words, even assuming a generalized entitlement to the ACAB process, Hussain never had an entitlement to ACAB arbitration of <u>this</u> dispute, because this dispute never met ACAB's jurisdictional criteria. Once again, Hussain was not deprived of anything to which he was conceivably entitled.

Because Hussain never had a property right in ACAB arbitration, the Bar did not deprive him of property without due process. And for the same reason, the Bar and Martin did not conspire to deprive him of property without due process.

## **CONCLUSION**

Hussain's claims fail as a matter of law. His claims against the D.C. Bar (and Lewis) are (at least) doubly flawed, for they are entitled to absolute immunity and Hussain never had a property right to ACAB arbitration anyway. And the absence of a property right means that his conspiracy claims also fail. The Court will therefore dismiss his action. A separate order will issue.

/s/

JOHN D. BATES
United States District Judge

Dated: <u>April 19, 2016</u>